## ROZELLEN ALDINGER, Respondent, *v.* EMERY S. PUGH, Appellant.

The provision of the act authorizing the election of special county judges and surrogates in certain counties (Chap. 306, Laws of 1849, as amended by chap. 108, Laws of 1851), which provides that a special surrogate so elected "shall possess all the powers and perform all the duties which are possessed and can be performed by a county judge out of court," was not repealed by the Code of Civil Procedure.

Accordingly *held*, that a special surrogate, elected for the county of Oneida, had power to grant an injunction in a case where the county judge would have had jurisdiction (Code Civ. Pro. 606), and that one violating an order so granted was properly adjudged in contempt.

Reported below, 57 Hun, 180.

(Argued March 14, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 29, 1890, which affirmed an order of Special Term adjudging the defendant in contempt for violating an injunction order, granted December 7, 1888, by the special surrogate of Oneida county, in an action pending in the Supreme Court.

The facts, so far as material, are stated in the opinion.

*Edward Lewis* for appellant. The special surrogate of Oneida county had no jurisdiction or power to grant the injunction order in this case, and being without jurisdiction the order was absolutely void. (Const. N. Y. art. 6, § 16; Code Civ. Pro. §§ 606, 609; Laws of 1849, chap. 306; Laws of 1851, chap. 108.) If a special county judge and special surrogate ever possessed the power, under chapter 306, Laws of 1849, as amended by chapter 108, Laws of 1851, to grant injunction orders, they have not had that power since the adoption of the Code of Civil Procedure, which expressly provides what courts and officers may grant those orders. (Code Civ. Pro. §§ 606, 3348; *People* v. *Edison*, 20 J. & S. 63; *In re Tilden*, 98 N. Y. 442; *In re Hawley*, 100 id. 210; *People* v. *Jaehne*, 103 id. 182.) There can be no doubt but

that the legislature intended to accomplish the same object in reference to civil procedure when it enacted the Code of Civil Procedure, as it did in reference to criminal procedure in enacting the Criminal and Penal Codes, to wit: To codify and bring all laws and amendments thereto into one law and under one system. (*Horton* v. *Cantwell*, 108 N. Y. 255; *Anderson* v. *Anderson*, 112 id. 104; *People* v. *G. & S. T. Co.*, 98 id. 78; *Hickman* v. *Pinckney*, 81 id. 211; *People* v. *Supervisors*, 85 id. 329; *Fraser* v. *Board*, 17 N. Y. S. R. 875; *People* v. *Jaehne*, 103 N. Y. 182; Code Civ. Pro. §§ 108, 109, 277, 342, 435, 472, 556, 606, 638, 872, 889, 915, 917, 2011, 2262, 2434, 2483; *Marks* v. *State*, 97 N. Y. 572; *In re Cierser*, 89 id. 401.) An injunction is a provisional statutory proceeding and the statute must be strictly complied with. (*Hudson* v. *Ins. Co.*, 77 N. Y. 278; *Roy* v. *Morris*, 30 Hun, 77.) Before a party can be punished for a civil contempt it must appear from the testimony and upon the evidence be found and adjudged that the acts complained of were calculated to, or actually did defeat, impair, impede or prejudice the rights or remedies of the party, and unless the evidence warrants such a finding (even though it be so found and adjudged in the order), the order should be reversed. (Code Civ. Pro. § 2283; *Fisher* v. *Baab*, 81 N. Y. 235; *In re Swinton*, 40 Hun, 41.) The injunction order was not served on Stephen J. Pugh, and, therefore, he cannot be punished for contempt. (*McAuley* v. *Palmer*, 40 Hun, 38; *Sanford* v. *Sanford*, 40 id. 540; *Zebo* v. *Baker*, 77 N. Y. 83.) Stephen J. Pugh was not bound by the injunction, he was an entire stranger to the action and injunction. (Willard's Eq. Juris. 324; *Fuller* v. *Fellows*, 9 How. Pr. 425; *Batterman* v. *Finn*, 32 id. 501; *Edmonston* v. *McLode*, 19 Barb. 356; *People* v. *Randall*, 73 N. Y. 416; *People* v. *Dwyer*, 90 id. 411.) That part of the referee's sixth finding of fact, viz.: "That that evening or the next day, Stephen J. Pugh was fully cognizant of the service of said order and its contents;" and also the eighth finding of fact, have no legal evidence to support them; such findings rest upon hearsay and suspicion only. (*In re Eldridge*, 82 N. Y.

167; *People* v. *A. & V. R. R. Co.*, 20 How. Pr. 362; *People* v. *Randall*, 73 N. Y. 2; *Fitzgibbons* v. *Smith*, 41 N. Y. S. R. 678.) These proceedings being solely for the benefit of the plaintiff to indemnify her for any loss or injury, the case comes under the rule of law governing estoppels. (*Nenen* v. *Belknap*, 2 Johns. 573; *Lonsbury* v. *DePew*, 28 Barb. 48; *Hawley* v. *Griswold*, 48 id. 18; *Warren* v. *Huchins*, 13 N. Y. S. R. 661; *Batterman* v. *Finn*, 31 How. Pr. 501; 73 N. Y. 423.) The defendant Emery cannot be punished for the acts of S. J. Pugh. He was neither his servant nor agent. (*People* v. *Randall*, 73 N. Y. 423; *Batterman* v. *Finn*, 32 How. Pr. 501; *Fitzgibbons* v. *Smith*, 41 N. Y. S. R. 678.) There is an entire absence of proof in the papers upon which the injunction órder was granted to bring the cause within any provision of the Code, authorizing the granting of an injunction. (*Handcock* v. *Sears*, 93 N. Y. 79; *McHenry* v. *Jewett*, 90 id. 63.) This being a statutory proceeding, the statute must be strictly complied with. (Code Civ. Pro. § 2285; *Hersher* v. *K. Ins. Co.*, 77 N. Y. 278; *Ray* v. *Morris*, 30 Hun, 77; *People ex rel.* v. *Davison*, 35 id. 471.)

*James Coupe* for respondent. The special surrogate had power to grant the injunction. (Laws of 1851, chap. 108, § 1; *Seymour* v. *Mercer*, 13 How. Pr. 564; *Babcock* v. *Clark*, 23 Hun, 291; *Kinney* v. *Roberts*, 26 id. 166; *Hathaway* v. *Rouce*, 44 id. 161–163; Code Civ. Pro. §§ 606, 872.) The provisional remedy by temporary injunction is wholly preventive in its nature, and is designed to preserve the subject in controversy in the condition in which it was at the commencement of the suit without determining questions of right. (Code Civ. Pro. §§ 14, 3343; *King* v. *Barnes*, 113 N. Y. 476; 3 Daniels, 380; *Lewis* v. *Morgan*, 5 Price, 518; *Rorke* v. *Russell*, 2 Lans. 242; *Farrington* v. *Burdsall*, 7 Wkly. Dig. 421; *People* v. *Vil. of West Troy*, 25 Hun, 179; *Sedwick* v. *Redmond*, Cary, 44; *King* v. *Barnes*, 113 N. Y. 476; *People ex rel.* v. *Sturtevant*, 9 id. 263; *People ex rel.* v. *Bergen*, 53 id. 404; *Clark* v. *Binninger*, 75 id. 344; *E. R. Co.* v. *Ram-*

*sey*, 45 id. 637; *Daley* v. *Amberg*, 126 id. 490; *Abell* v. *N. Y., L. & W. R. R. Co.*, 18 Wkly. Dig. 544; 100 N. Y. 634; *Koehles* v. *F. & D. N. Bank*, 6 N. Y. Supp. 470; 117 N. Y. 661; *Gage* v. *Denbrow*, 49 Hun, 42; Fiero on Spec. Pro. 340, 341; *Mayor, etc.*, v. *N. Y. & S. I. Co.*, 64 N. Y. 623; *Ogden* v. *Gibbons*, 4 Johns. Ch. 174; *Devlin* v. *Devlin*, 69 N. Y. 212.) The object of the injunction was to prevent the commission of waste, and to preserve the plaintiff's rights and her property from material injury and prevent the defendant from disposing of his property to defraud the plaintiff. The Supreme Court has the same jurisdiction which the Court of Chancery formerly possessed, to restrain waste, upon a bill filed stating the facts. (*Rodgers* v. *Rodgers*, 11 Barb. 596; *Sloane* v. *Martin*, 8 N. Y. S. R. 139; Code Civ. Pro. §§ 603, 604; *People ex rel.* v. *Dwyer*, 1 Civ. Pro. Rep. 484; 63 How. 115, 116; 90 N. Y. 402; *Davis* v. *Sturtevant*, 3 Seld. 263; *Peck* v. *Yorks*, 32 How. Pr. 408; *Erie R. R. Co.* v. *Ramsey*, 45 N. Y. 637; *Mayor, etc.*, v. *N. Y. & S. I. F. Co.*, 64 id. 622; *Mayor* v. *Dwyer*, 90 id. 402; *Wilcox* v. *Harris*, 59 How. Pr. 262; *Davis* v. *Mayor, etc.*, 1 Duer, 451–453; *People* v. *Spaulding*, 2 Paige, 326; *People* v. *Sturtevant*, 9 N. Y. 265; *Peck* v. *York*, 32 How. Pr. 408; *Wilcox* v. *Harris*, 59 id. 262; *People* v. *Dwyer*, 90 id. 409.) What was done by defendants after the violation of the injunction in drawing back manure on plaintiff's farm cannot avail them here. (*Stubbs* v. *Ripley*, 39 Hun, 626.) The items of disbursements and counsel fees were proper items to be included in the fine, and within the limits of the provisions of the Code, section 2284. (*People* v. *R. & S. R. R. Co.*, 76 N. Y. 294; *King* v. *Barnes*, 113 id. 476.)

FOLLETT, Ch. J. Chapter 306 of the Laws of 1849, as amended by chapter 108 of the Laws of 1851, provides that the special surrogates of Oneida and of certain other counties "shall possess all the powers and perform all the duties which are possessed and can be performed by a county judge out of court." It is agreed that prior to the adoption of the Code of

Civil Procedure these special surrogates had power to grant
such an injunction as was granted in this case, and section 606
of that Code expressly confers jurisdiction on county judges
to grant such injunctions.    But the appellant contends that
the statutory provision above quoted was repealed by the Code
of Civil Procedure.    This question is not an open one, it
having, in principle, been settled by this court adversely to
the appellant's contention.    (*Ross* v. *Wigg*, 36 Hun, 107;
affd. 101 N. Y. 640.)    That case arose out of the following
facts: March 24, 1884, a judgment was recovered against
Wigg in the Supreme Court, which was entered and docketed
in the office of the clerk of Oswego county.    April 29, 1884,
the recorder of the city of Oswego granted an order in pro-
ceedings supplementary to execution issued on the judgment.
The judgment debtor was examined, and June 4, 1884, the
recorder appointed a receiver of the property of the judgment
debtor.    A motion was made to set aside the orders on the
ground that the recorder had no jurisdiction of such proceed-
ings.    By section 4 of chapter 96 of the Laws of 1857 the
recorder of the city of Oswego was authorized " to exercise any
power or authority in any proceedings supplementary to exe-
cution in the county of Oswego which the county judge or a
justice of the Supreme Court can exercise therein whether
such supplementary proceedings be in an action in said
recorder's court or in any other court."    Section 2434 of the
Code of Civil Procedure, as it stood in 1884, provided that
supplementary proceedings might " be instituted before a judge
of the court out of which, or the county judge, or the special
county judge, or the special surrogate of the county to which
execution was issued."    The recorder of the city of Oswego
was not mentioned in the section.    It was argued in that case,
as in this, that the Code of Civil Procedure was intended to
be a codification of the laws prescribing the practice in the
actions and proceedings embraced therein, and by implication
the power conferred upon the recorder by chapter 96 of the
Laws or 1857 was repealed.    It was held otherwise in the case
cited.    The opinion delivered in the case at bar by the

learned General Term, and reported in 57 Hun, 181, satis-
factorily discusses and disposes of the jurisdictional question,
and we are quite content to affirm and we do affirm the order
upon that opinion.

The order should be affirmed, with costs.

All concur.

Order affirmed.