In the Matter of the Application of ANNIE GRANZ and FRANK GRANZ, Respondents, to Punish PINCUS RONGINSKY, Appellant, and ISIDORE POMERANZ as and for a Contempt of Court for Violating an Injunction Order.

*Injunction by a tenant, enjoining the landlord from tearing down the demised premises — the subsequent removal of the tenant by summary proceedings does not excuse its violation — nor does advice of counsel.*

Where a tenant, who brings an action to restrain her landlord from tearing down a building upon the demised premises, obtains an injunction *pendente lite*, and, during the pendency of the action the tenant is evicted from the premises under a warrant made in summary proceedings to recover possession thereof, it is the duty of the landlord, if he wishes to be relieved from the injunction, to bring

the changed conditions to the attention of the court; if, without doing this, he proceeds to violate the injunction, he may properly be punished for contempt of court.

The fact that in violating the injunction he acted upon the advice of counsel is not a defense to the contempt proceeding, as it is only when there is a question whether the act complained of is a violation of the injunction that the advice of counsel will constitute a defense.

APPEAL by Pincus Ronginsky from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of September, 1902, adjudging the said Pincus Ronginsky guilty of contempt of court.

It appears from the moving papers that Annie Granz and Frank Granz were the tenants of the premises No. 16 Avenue C, in the city of New York, and that Pincus Ronginsky, the owner of such premises, desired to tear them down ; that an action was brought to restrain such action on the part of Ronginsky, and that a temporary injunction was granted in such action, as is set forth in the opinion.

*Jacob Manheim,* for the appellant.

*Joseph Wilkenfeld,* for the respondents.

INGRAHAM, J. :

When this appeal, which is from an order adjudging the appellant guilty of contempt in willfully disobeying an injunction, was submitted, the appellant presented no points. His points were subsequently sent to us, and we have received and considered them, as the question involves the liberty of the appellant. In June, 1902, a temporary injunction was granted in this action, which, upon motion, was continued during the pendency of the action, and thereby the defendant was enjoined and restrained from tearing down the southerly wall of the premises 16 Avenue C, in the city of New York, and from tearing down or in any way interfering with the building on said premises, from razing or tearing down the rear of the plaintiffs' premises, and from undermining the stairway, foundation, walls or support of said building during the pendency of the action. When this injunction was continued the plaintiffs were in possession of the premises 16 Avenue C as tenants. On the 1st of August, 1902, the defendant commenced

proceedings to dispossess the plaintiffs from the premises, which resulted in a final order directing a warrant to issue dispossessing the plaintiffs; such warrant was issued and the plaintiffs were removed from the premises on August 27, 1902. Having thus obtained possession of the premises by these proceedings, the appellant proceeded, in disregard of the injunction, to do what he was enjoined from doing.

The prohibition contained in the injunction was plain, and until it was vacated, either by a final judgment in the action or by an order of the court, it was binding upon the appellant. If the appellant's status was so changed that he should have been relieved from the operation of the injunction, it was his business to apply to the court to vacate or modify it, and not take the law in his own hands and violate it. There was absolutely no excuse for such a violation, except that he did it under the advice of his counsel. In such a case the advice of counsel is no excuse. The result should be the punishment of both attorney and client. It is not pretended that what was done was not a direct violation of the injunction. It is only when there is a question as to whether the act complained of is actually a violation of the injunction that advice of counsel can be accepted as an excuse. No such question is presented in this case. The appellant clearly violated an order of the court, and no excuse is presented that is entitled to consideration. The court below might well, in addition to the fine, have taught the appellant by an actual imprisonment that the orders of the court in this State must be respected.

It follows that the order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.