W. Scott Root, Plaintiff, *v.* John B. Conkling, Defendant.

(Supreme Court, Otsego Special Term, July, 1919.)

Injunctions — violation of — attorneys — easements — pleading — Judiciary Law, § 773.

> The fact that an injunction has been erroneously obtained affords no justification or excuse for its violation before it has been dissolved.
>
> The violation of the injunction constitutes a contempt of court and the question of motive or intent with which it was disobeyed neither alters nor varies the responsibility for its violation.
>
> Where an injunction has been improperly granted, the remedy is by a motion to vacate or by an appeal; so long as it is in force it must be obeyed and subsequent obedience does not discharge liability for previous disobedience.
>
> An attorney who advises disobedience of an injunction may be punished as for contempt of court.
>
> Where the owner of three adjoining houses conveys one, the drain appurtenant to which extends under the other two and is connected with the village sewer, the grantee acquires an easement to continue the drain as against the grantee of the other houses.
>
> Complaint considered and *held* to state a cause of action against the grantee of the other houses, to restrain him from obstructing or preventing plaintiff's use and enjoyment of the sewer. Motion to vacate the injunction denied with costs and expenses against defendant under section 773 of the Judiciary Law for disobedience.

Motion to vacate an injunction.

N. P. Willis and L. E. Walrath, for plaintiff.

James J. Byard, Jr., for defendant.

KELLOGG, A. L., J. The plaintiff and defendant
are owners in fee, and the occupants of real estate
including the buildings thereon, located on the east-
erly side of Nelson avenue, in the village of Coopers-
town, the parcel of the defendant adjoining that of
the plaintiff on the southerly side thereof. Prior to
the year 1895, Erastus F. Beadle was owner of both
of said parcels, and was the common grantor of both
parties, and the source of their respective titles.

About the year last above mentioned, the said
Beadle erected the house on the premises now owned
by the plaintiff, and equipped the same with basins,
sinks and modern toilet conveniences, and thereupon
connected the same with a sewer, which he, himself,
constructed from the rear end of the house, northerly
to the premises now owned by the defendant, thence
northerly across those premises, and connected the
same with the sewer of the village of Cooperstown,
on a street known as Prospect place, which street
adjoins the real estate of the defendant on the north.

It appears that this sewer has been used and
enjoyed by the several owners and occupants of the
property now owned by the plaintiff, continuously
from the time of its construction, down to the 1st day
of May, 1919.

Subsequent to the erection of the dwelling-house
now owned by the plaintiff, the said Beadle con-
structed the dwelling-house now owned and occupied
by the defendant, and likewise equipped the same
with modern improvements as to toilets and bath-
tubs, and connected the same with the sewer herein-
before mentioned, which has been used and enjoyed
by the several owners and occupants of this property,
including the defendant himself, from the time of the
erection of the dwelling thereon, down to the present
time.

It is not in dispute that on or about the 1st day of
May last, the defendant dug down to the said line of
sewerage, extending through the plaintiff's premises
and to and across the premises of the defendant, to
said Prospect place, and cut in two the main line of
pipe, of which said sewer was comprised, and drove
a plug into that part leading to plaintiff's premises
in such a manner as to wholly cut off his use and
enjoyment of the same, and to leave his residence
without any connections whatsoever, with the general
village sewer.

The present action is brought to restrain the
defendant from obstructing or preventing the use
and enjoyment of said sewer by the plaintiff, and that
it be adjudged and decreed that there is an easement
and servitude impressed upon the lands and premises
of the defendant in favor of the real estate of the
plaintiff, and the owners thereof, respectively, with
respect to the use and enjoyment of said sewer.

An injunction order was granted herein, on the 5th
day of May, 1919, whereby the defendant and his
attorneys, agents and servants, and each of them were
ordered and enjoined that they do desist and refrain
from in any way interfering, obstructing or prevent-
ing, the use and enjoyment of the sewer and drainage
pipe across the property of the defendant by the
plaintiff, or occupants of his residence, or any subse-
quent owner or occupants thereof during the pendency
of this action, or until the further order of this court,
and that the said defendant be, and he hereby is,
required to forthwith unplug and connect said sewer
drainage pipe, and restore the same in and to its
former condition, so that the same may be forthwith
and continuously used and enjoyed, during the pen-
dency of this action, or until the further order of this
court, as heretofore, so that the same will properly

carry off and dispose of the sewerage and other drainage, from the residence of the plaintiff. This injunction order was duly served personally upon the defendant as required by law, and by the rules and practice of this court, on the day the injunction order was dated, at about four o'clock P. M. at the village of Cooperstown, N. Y.

The terms of the order were not complied with until the forenoon of May seventh.

Before the defendant complied with the conditions contained in the order, the plaintiff applied for and was granted an order to show cause why the defendant should not be punished as and for a contempt of court, by reason of his failure to obey the directions of the court contained in the order. On the return of the order to show cause, the defendant moved to vacate the injunction, upon the ground that a cause of action was not set forth in the complaint, and that the court was without power to compel the defendant to unplug and connect the sewer, and to restore it to the same condition it was before he disconnected it. There was not only hesitancy but quibbling over the compliance with the conditions contained in the injunction, and the plaintiff was fully justified in obtaining the order to show cause before he had knowledge that there had been a substantial compliance therewith; and I am of the opinion that this defendant should pay the reasonable costs and disbursements of the plaintiff by reason of the same.

The granting of an injunction is justly regarded as one of the highest prerogatives of courts of equity. The most exact and explicit obedience is required from those against whom the mandate of the court is directed. With whatever irregularities the proceedings may be affected, or however erroneously the court may have acted in granting the injunction, it must be

implicitly observed so long as it remains in existence; and the fact it has been obtained erroneously affords no justification or excuse for its violation before it has been dissolved.

The reason for the rule is found in the necessity of preserving the disastrous confusion that would result from allowing the parties against whom injunctions are issued, to be, themselves, the judges of the propriety of the relief, or the regularity of the proceedings. If the court granting an injunction had jurisdiction of the subject matter, until it had been set aside or revoked, it is entitled to explicit obedience.

The violation of an injunction order constitutes a contempt of court, from which it issued, and the question of motive or intent with which the writ was disobeyed does not alter or vary the responsibility for its violation.

Litigants should not be permitted under plea of hardship, real or pretended, to nullify or set at naught orders or decrees, even though it may seem certain that a court acted, in granting them, under misapprehension or mistake.

If an injunction order is improperly granted, the remedy is by application to vacate or by appeal. So long as it is in force, it is the duty of all parties to obey it, and the merits are not reviewable. *Koehler* v. *Farmers & Drovers National Bank*, 6 N. Y. Supp. 470; affd., 117 N. Y. 661.

If a party violates the order of injunction upon advice of counsel, the counsel may be punished. *Matter of Granz*, 78 App. Div. 399; *Stolts* v. *Tuska*, 82 id. 81, 85, 86; affd., 133 N. Y. 672.

The defendant becoming alarmed, and obeying the injunction, does not discharge his liability for vio-

lating the injunction. *Aldinger* v. *Pugh,* 57 Hun, 181; affd., 132 N. Y. 403.

The motion made in behalf of the defendant here, to dissolve the injunction, should also be denied as the necessity for its continuance *pendente lite,* clearly appears, not only from the moving papers, but the acts of the defendant in severing sewer connections at this season of the year, no matter whatsoever his legal rights in relation thereto. The office of a preliminary injunction is to preserve the *status quo* until, upon the final hearing, the court may grant full relief. Generally this can be accomplished by an injunction prohibitory in form, but it sometimes happens that the *status quo* is not a condition of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon the complainant, which he appeals to a court of equity to protect him from. In such a case, courts of equity issue mandatory writs before the case is heard on its merits.

Where a complaint presents a case showing or tending to show that an affirmative action by the defendant of a temporary character is necessary to preserve the *status quo* of the parties, then a mandatory injunction may be granted. *Bachman* v. *Harrington,* 184 N. Y. 458.

The complaint not only sets forth a proper cause of action, but I am of the opinion it fairly presents a case for permanent relief. It has been distinctly held that where an owner of three adjoining houses conveys one of them, the drain appurtenant to which extends under the other two houses, the purchaser acquires an easement to continue the drain as against the grantees of the houses under which it is located. *Stuyvesant* v. *Early,* 58 App. Div. 242.

The defendant must pay to plaintiff, as and for his

costs and expenses under and pursuant to section 773 of the Judiciary Law, the sum of fifty dollars, which includes ten dollars costs of motion to dissolve the injunction.

Ordered accordingly.