Maxwell Palmer et al., Doing Business under the Name of Linden Pharmacy, et al., Plaintiffs, *v.* Sam B. Angert, Doing Business under the Name of Angert's Cut Rate Drug, Defendant.

Supreme Court, Special Term, Kings County, January 26, 1949.

*Abraham Sarason* for plaintiffs.

*Milton M. Eisenberg* for defendant.

Norton, J. Application to punish defendant for contempt for allegedly violating the provisions of a judgment of this court dated August 2, 1941.

Pursuant to said judgment the defendant was permanently enjoined and restrained from directly or indirectly selling or offering for sale merchandise produced by manufacturers, wholesalers and distributors at prices lower than the minimum retail price as fixed in the fair trade contracts. Plaintiff claims that the defendant is willfully and knowingly violating the decree by engaging in a practice whereby upon the sale of merchandise at its store it issues to its customers cash register receipts which are redeemable for merchandise valued at $1 upon the presentation of receipts evidencing a total purchase by the customer of $10 worth of miscellaneous merchandise.

The defendant justifies the practice by its reliance on the determination in the case of *Nechamkin* v. *Picker* (189 Misc. 61). In that case the court refused to hold that a practice similar, except as to the instrumentality used, to that disclosed herein, constituted a violation of the Fair Trade Act. (General Business Law, § 369-a *et seq.*) In reaching such determination the court in the *Nechamkin* case (*supra*) approved the conclusions reached in the case of *Weco Products Co.* v. *Mid-City Cut Rate Drug Stores* (55 Cal. App. 2d 684). The facts in the *Weco* case (*supra*) were similar to those in the case at bar, except that trading stamps were used instead of cash register receipts; and in construing the California Fair Trade Act (Business and Professions Code, §§ 16900–16905), which is identical with the Fair Trade Act of this State, the court held that such practice did not violate the statute in question.

The State of Pennsylvania has a fair trade statute (Pa. Stat., tit. 73, § 7 *et seq.*) similar to the California statute, and also similar to the New York statute; and in the case of *Bristol-Myers Co.* v. *Lit Bros.* (336 Pa. 81) the Supreme Court of Pennsylvania, in a case in which trading stamps were issued to the amount of purchases of miscellaneous merchandise which were later redeemable, held that such a practice did not violate the Pennsylvania statute. I cannot find any difference between a practice wherein trading stamps were used rather than cash register receipts, as in the case at bar.

I am in accord with the conclusions reached in all of the above cases, and it is my opinion that there was no violation of the fair trade statute of this State by reason of the indulgence by the defendant in the practices complained of herein.

Furthermore, the defendant herein had a right to rely upon the Special Term decision in the case of *Nechamkin* v. *Picker* (*supra*) there having been no review by an appeals court of this case or any contrary holding by the Appellate Division or Court of Appeals on the question involved herein. Therefore, I cannot find that the defendant was guilty of a willful or deliberate contempt herein. The motion will be in all respects denied. Settle order on notice.