In our opinion the practice of redeeming cash register receipts for 10% of their amounts, in merchandise, is a price-cutting device in violation of the provision of the judgment against selling at prices lower than those established by fair trade contracts. Carswell, Acting P. J., Adel, Wenzel and MaeCrate, JJ., concur; Johnston, J., dissents and votes to' affirm the order, with the following memorandum: I agree with the majority that the practice of defendant was a violation of the injunction. However, the proof shows that.the acts of defendant were not willful but were the result of an honest mistake, based on advice of counsel given and followed in good faith. At the time defendant committed the acts in question and up to the time of the making of the order at Special Term denying the motion to punish him for contempt, the only reported cases in this and other jurisdictions held that similar acts were not a violation of the injunction or of the Fair Trade Law. (Nechamkin v. Picker, 189 Misc. 61; Weco Products Co. v. Mid-City Cut Rate Drug Stores, 55 Cal. App. 2d 684; Bristol-Myers Co. v. Lit Bros., 336 Pa. 81.) The single case which up to that time had held that the act was a violation of the injunction was reported only in the New York Law Journal. (Radin’s Pharmacy v. Wolf, N. Y. L. J., May 29, 1941, p. 2431, col. 4.) Under these circumstances, where defendant could not apply to vacate or modify the injunction or seek an advisory opinion as to whether his acts were a violation of the injunction, where the law is unsettled and there is a debatable question as to whether the act complained of was actually a violation of the injunction, defendant’s reliance in good faith on advice of counsel prevents punishment for contempt. (Matter of Granz, 78 App. Div. 399.) This court has consistently held that, where a defendant is guilty of no more than an honest mistake, or where the proof does not show that defendant has willfully and contumaciously violated the provisions of an injunction order, defendant should not be punished for contempt. (Ditomasso v. Loverro, 242 App. Div. 190, 194; Palisi v. Yanarella, 76 N. Y. S. 2d 211, 218, affd. 272 App. Div. 1070.) To the same effect is Grant v. Johnson (272 App. Div. 1085 [3d Dept.]). We have applied the same rule to motions to punish for contempt for violation of an injunction order under the Fair Trade Law. (Evans v. Stein, 269 App. Div. 1052.) Settle order on notice. [195 Misc. 36.] [See post, p. 1002.]