■ FELICITA OQUENDO, Respondent, v ROSGRO REALTY CORPORATION et al., Appellants.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 8, 1985, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion granted, and the complaint dismissed.

Plaintiff, a 43-year-old woman, sustained severe burns and was permanently disfigured as a result of being trapped in a fire in defendants' apartment building where she had been visiting a friend. She has brought this action to recover for those injuries, alleging that the fire was caused by defective electrical wiring. The fire department's report of the fire states that it was caused by the misuse of an undetermined heat form applied to upholstered furniture inside apartment 6C, which is on the same floor as the apartment in which plaintiff was visiting.

At her deposition plaintiff testified that she was unaware of the fire's origins and had never received any information from any source as to its cause, nor had she been advised as to any problem with the electrical wiring in the building. Defendants moved for summary judgment on the basis of the fire department's fire report, excerpts from plaintiff's deposition and affidavits from the owners in which they asserted that the building had undergone a complete renovation two years before the fire and that all the electrical wiring and outlets had been replaced. They also denied receipt of any notice of defective electrical outlets. In opposition plaintiff submitted an attorney's affirmation and an unsworn writing signed in a different hand by one Antonio Guzman, who stated that on and prior to the night of the fire he had seen sparks emanating from an electrical outlet in his living room in apartment 6C and had reported the matter to the superintendent. Special Term, finding that "there is nothing to conclusively establish

the origin of the fire", denied the motion. We reverse, grant the motion and dismiss the complaint.

In their supporting papers defendants, by competent proof, showed that the fire had its origins in the misuse of a heat source on upholstered furniture, thus demonstrating, prima facie, their lack of responsibility. In such circumstances, plaintiff, in order to defeat the motion for summary judgment, was required to support, by legally admissible evidence, her allegation that the fire was caused by an electrical defect. *(See, Zuckerman v City of New York,* 49 NY2d 557.) She has failed to submit such proof. Plaintiff submitted only two items, an attorney's affirmation and Mr. Guzman's statement. The affirmation of an attorney who has no personal knowledge of the facts has no probative value. *(Supra,* at p 563; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065.) None of the averments in the attorney's affirmation is stated to be made on personal knowledge and it is clear that he is stating only general and unspecified allegations. Mr. Guzman's purported statement, even if we assume its sufficiency insofar as it purports to raise a bona fide issue, is not an affidavit. It is undated and unauthenticated. As such, it does not have any evidentiary significance *(see, Horowitz v Kevah Konner, Inc.,* 67 AD2d 38) and must be rejected.

Plaintiff also relies upon a document, not part of the record but allegedly part of the County Clerk's file, and identified as a fire marshal's report, which indicates that the fire was caused by "defective wall outlet—electrical." This report was neither submitted to nor considered by Special Term. Indeed, it is fairly obvious that it was not even on file with the County Clerk at the time this motion was decided. We do not consider it in the disposition of this appeal. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.