**Satterfield v VStock Transfer, LLC**

2025 NY Slip Op 32317(U)

June 29, 2025

Supreme Court, New York County

Docket Number: Index No. 650311/2019

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

BRENT SATTERFIELD,

        Plaintiff,

      - v -

VSTOCK TRANSFER, LLC, AMERICA 2030 CAPITAL,
LLC (A/K/A BENTLEY ROTHSCHILD CAPITAL LTD
CORP.), BENTLEY ROTHSCHILD CAPITAL LTD CORP.,
AMERICA 2030 CAPITAL, LIMITED, BENTLEY
ROTHSCHILD FINANCIAL, LLC, BENTLEY ROTHSCHILD
INVESTMENTS, XYZ CORPORATION 1 - 10, and VAL
SKLAROV,

        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650311/2019 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 027 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 027) 748, 749, 750, 751, 752, 753, 754, 755, 756, 758, 761, 762, 763, 764, 765, 766, 767, 768, 769, 770, 771, 772, 773, 774, 775, 776, 777, 778, 779, 780, 781, 782, 783, 784, 785, 786, 787, 788, 789, 790, 791, 792, 793, 794, 795

were read on this motion to/for    VACATE - DECISION/ORDER/JUDGMENT/AWARD   .

   In motion sequence number 027, defendant Val Sklarov moves to vacate the warrant of arrest that this court issued against him.  (*See* NYSCEF Doc. No. [NYSCEF] 697, Warrant.)  Plaintiff Brent Satterfield cross-moves for an award of damages of $5,424,074.82 and $163,293.92 in attorneys' fees and costs arising from the contempt proceedings.  (*See* NYSCEF 742, MOL at 7/8.)  The court held oral argument on June 2, 2025, issued an interim order on June 3, 2025, and held a hearing on June 4, 2025.

[* 1]

**Procedural History**

On November 12, 2021, this court confirmed the arbitration award entered in favor of Satterfield and ordered Sklarov and defendants America 2030 Capital, LLC, Bentley Rothschild Financial LLC, and Bentley Rothschild Capital Limited Corp.[1]

> (i) "jointly and severally, to immediately return to … Satterfield all of the First Tranche Shares in the possession, custody, or control, directly or indirectly, of said defendants, including any such shares held at Dolfin Financial [(UK) Ltd. (Dolfin)] in London or wherever else they may be, and to immediately facilitate, expedite, and, as necessary, execute any paperwork that may be necessary or expedient to effectuate the return of said Shares to said plaintiff" and

> (ii) "jointly and severally, to immediately return to … Satterfield the 1,134,897 Second Tranche Shares held at VStock, Inc. [VStock] or wherever else they may be, and to immediately facilitate, expedite, and, as necessary, execute any paperwork that may be necessary or expedient to effectuate the return of said Shares to said plaintiff."  (NYSCEF 450, Decision and Order at 2-3 [mot. seq. nos. 010, 011].)

Satterfield moved for enforcement of the November 12, 2021 decision and order and for an order of contempt and sanctions against Sklarov, among others.  The court found that Satterfield established, by clear and convincing evidence, the elements necessary for a finding of civil contempt under Judiciary Law § 753(A)(3) based on Sklarov's failure to (i) transfer the VStock shares to Satterfield until February 14, 2022, in excess of three months from issuance of the November 12, 2021 decision and order,[2]

---

[1] Sklarov is the principal of and controls these defendants.  (NYSCEF 418, Final Arbitration Award at 58.)

[2] On February 14, 2022, the VStock shares were returned to Satterfield because of Satterfield's efforts to get a court order.  (NYSCEF 536, So Ordered Stipulation [mot. seq. no. 015].)

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No.  027

Page 2 of 11

and (ii) to transfer the Dolfin shares (Contempt Order).  (NYSCEF 664, Decision and Order at 8-11 [mot. seq. no. 020].)[3]  The Contempt Order states that

> "defendants are held in Civil Contempt and are directed within five business days of this order to purge the contempt, such period ending on May 6, 2022 no later than 12 noon EST, by immediately returning to plaintiff all of the CODX shares in the possession, custody, or control, directly or indirectly, of the defendants including such shares held at Dolfin Financial in London or wherever else they may be and to immediately facilitate, expedite, and, as necessary, execute any paperwork that may be necessary or expedient to effectuate the return of said shares to said plaintiff."  (*Id.* at 13.)

The court warned that, in the event of failure "to comply with this order to purge … [by] May 6, 2022 no later than 12 noon EST, a civil arrest warrant shall issue for Sklarov's arrest."  (*Id.*)  The court subsequently extended the time to purge until May 18, 2022, 12 noon EST.  (NYSCEF 681, Order – Supplemental [mot. seq. no. 020].)  Following the failure to purge the contempt, the court issued a warrant of arrest for Sklarov on June 2, 2022.  (*See* NYSCEF 696, Order – Supplemental at 1 [mot. seq. no. 020], *affd Satterifield v Vstock Transfer, LLC*, 220 AD3d 551 [1st Dept 2023] [NYSCEF 704]; NYSCEF 697, Warrant.)

**Motion to Vacate Warrant[4]**

Sklarov moves to vacate the warrant of arrest on the ground that he returned the 219,000 Dolfin shares on or around February 21, 2025.  Satterfield acknowledges that

---

[3] Sklarov did not appeal or move for leave to reargue the Contempt Order.  The time to do so expired long ago.  (*See* NYSCEF 675, May 9, 2022 Notice of Entry; CPLR 5513 [a] ["An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry"]; CPLR 2221 [d][3] ["A motion for leave to reargue … shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry"].)

[4] Although Sklarov's counsel represents that Sklarov needs to travel to the United States on an urgent basis for family reasons (NYSCEF 749, McCracken aff ¶ 6), which could result in his arrest given the outstanding warrant, Sklarov initially moved by notice of

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No.  027

Page 3 of 11

3 of 11

219,000 shares were returned but argues that vacatur of the warrant is unwarranted as Sklarov failed to demonstrate that the shares held at Dolfin were returned. The court rejected Satterfield's argument, holding that publicly traded shares are fungible. (NYSCEF 761, Order – Interim at 3 [mot. seq. no. 027].)

After extensive review of the court's previous orders, the court concludes that the warrant shall be vacated as Sklarov purged the contempt by transferring 219,000 shares on or around February 21, 2025. Upon the finding of contempt, this court directed Sklarov

> "to purge the contempt … by … returning to plaintiff all of the CODX shares in the possession, custody, or control, directly or indirectly, of the defendants including such shares held at Dolfin Financial in London or wherever else they may be and to immediately facilitate, expedite, and, as necessary, execute any paperwork that may be necessary or expedient to effectuate the return of said shares to said plaintiff." (NYSCEF 664, Decision and Order at 13 [mot. seq. no. 020].)

The court also ordered that, in the event that "defendants fail to comply with this order to purge …[,] a civil arrest warrant shall issue." (*Id.*) The court noted that incarceration, if any, would be coercive in nature, stating that "Sklarov shall be incarcerated until such time as the Shares are transferred." (*Id.* at 12.) As it is undisputed that 219,000 shares were returned, Sklarov purged contempt, and thus, as a result, the warrant is vacated.

Additionally, the June 3, 2025 interim order is vacated, in part, to the extent the court held that "Sklarov has not complied with this court's 2022 order because of the diminution in value of the shares tendered in February 2025." (NYSSCEF 761, Order –

---

motion. (NYSCEF 712, Notice of Motion [mot. seq. no. 026] filed March 12, 2025.) "Motions shall be brought on by order to show cause … when there is genuine urgency." (Rules of Commercial Div of Sup Ct [22 NYCRR 202.70 (g)] rule 19.) On May 15, 2025, Sklarov's motion was refiled by order to show cause. (NYSCEF 752, OSC [mot. seq. no. 027].) The court notes that Sklarov has not submitted an affidavit by an individual with personal knowledge to substantiate the claim of urgency.

**650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC**                              **Page 4 of 11**
  **Motion No.  027**

[* 4]

Interim at 3 [mot. seq. no. 027].)  Compliance finally occurred when Sklarov transferred 219,000 shares.

**Cross-Motion**

Satterfield cross-moves for an award of (i) $3,472,784.82 representing damages caused by late tender of VStock shares on February 14, 2022, (ii) $1,951,290 representing damages caused by late tender of 219,000 shares on February 21, 2025, and (iii) $163,293.92 in attorneys' fees and costs arising from the contempt proceedings.

The purpose of civil contempt is "the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right."  (*McCormick v Axelrod*, 59 NY2d 574, 583 [1983].)

> "If an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court." (Judiciary Law § 773.)

"[S]ubsequent obedience does not discharge liability for previous disobedience" or the damage caused by each contempt.  (*Root v Conkling*, 108 Misc 234, 235 [Sup Ct, Otsego County 1919], *affd* 199 AD 90 [3d Dept 1921].)

Dolfin Shares

Satterfield is entitled to recover for actual loss caused by Sklarov's late tender of the Dolfin shares on February 21, 2025.  Satterfield's counsel calculates such actual loss as the difference in the share price of 219,000 shares between January 4, 2022

[* 5]

($9.61), the first trading day on which Sklarov allegedly could have complied with the November 12, 2021 decision and order, and February 21, 2025 ($0.70), when the shares were returned, multiplied by 219,000 shares. (NYSCEF 770, Salisbury aff ¶¶ 8-9; NYSCEF 774, Stock Prices.) No evidence is submitted with counsel's affirmation to support the proposition that compliance was first possible on January 4, 2022. Counsel proffers no foundation demonstrating that such information is within her personal knowledge. (*See Oquendo v Rosgro Realty Corp.*, 117 AD2d 528, 529 [1st Dept 1986] ["The affirmation of an attorney who has no personal knowledge of the facts has no probative value" (citation omitted)].) The issue of the amount of actual loss caused by Sklarov's late tender of the Dolfin shares on February 21, 2025 will be referred to a Judicial Hearing Officer (JHO) or Special Referee.

The June 3, 2025 interim order is vacated, in part, to the extent that the court held that "[t]he damages caused by Sklarov's failure to timely comply with the order to tender 219,000 shares to Satterfield is the difference between the price on the date of the 2022 order and the price on the date of the tender February 2025 or $1,951,290." (NYSCEF 761, Order – Interim at 3 [mot. seq. no. 027].)

VStock Shares

Satterfield is entitled to recover for actual loss caused by Sklarov's late tender of the VStock shares on February 14, 2022. Satterfield calculates such actual loss as the difference in the share price of 1,134,897 shares between January 4, 2022 ($9.61), the first trading day on which Sklarov allegedly could have complied with the November 12, 2021 decision and order, and February 14, 2022 ($6.55), when the shares were returned, multiplied by 1,134,897 shares. (NYSCEF 770, Salisbury aff ¶ 8; NYSCEF

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No.  027

Page 6 of 11

6 of 11

774, Stock Prices.) As stated, the January 4, 2022 date is not substantiated as a date that Sklarov could comply because shares were available on the market. The issue of the amount of actual loss caused by Sklarov's late tender of the VStock shares on February 14, 2022 will be referred to a Judicial Hearing Officer (JHO) or Special Referee.

Sklarov's argument that the court did not find Sklarov in contempt for failure to return the VStock shares is rejected. In the Contempt Order, the failure to transfer VStock "shares until February 14, 2022, in excess of three months from issuance of the court's" the November 12, 2021 decision and order, was specifically listed as one of the grounds for a finding of contempt. (NYSCEF 664, Decision and Order at 9 [mot. seq. no. 020].[5])

Attorneys' Fees and Costs

Finally, Satterfield's cross-motion is denied as to the request for attorneys' fees and costs arising from the contempt proceedings. As the court is awarding Satterfield recovery for actual loss caused by Sklarov's contempt, attorneys' fees and expenses are unavailable. (Judiciary Law § 773 ["Where it is not shown that such an actual loss or injury has been caused, a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto"]; *Saffra v Rockwood Park Jewish Ctr.*, 249 AD2d 480, 480 [2d Dept 1998] ["the

---

[5] "'Second, "[i]t must appear, with reasonable certainty, that the order has been disobeyed."' (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015] [citation omitted].) The VStock Shares were not transferred to plaintiff until February 14, 2022, in excess of three months from issuance of the court's Prior Order, while the Dolfin Shares have never been returned to plaintiff. Likewise, the damage award of $1,152,538.70 remains unpaid and there is no claim of indigence." (NYSCEF 664, Decision and Order at 9 [mot. seq. no. 020].)

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No. 027

Page 7 of 11

[* 7]

Supreme Court erred in granting attorneys' fees and expenses pursuant to Judiciary Law § 773, since it awarded actual damages"].)

The June 3, 2025 interim order is modified, in part, to the extent that the court held that "Sklarov shall post a bond of $2,114,583.92 ($1,951,290 diminution + $163,293.92 attorneys' fees)." (NYSCEF 761, Order – Interim at 3 [mot. seq. no. 027].) Instead, the bond amount is $5 million which includes a bond on the VStock shares.[6]

The June 3, 2025 interim order is also vacated, in part, to the extent that the reference is vacated in the entirety. A new referral is ordered below.

Accordingly, it is

ORDERED that this motion is granted, and the warrant signed by this court on June 2, 2022 (NYSCEF 697) is vacated; and it is further

ORDERED that either party shall serve this decision and order upon the New York State Sheriff's Office within 5 business days of this decision; and it is further

ORDERED that Brent Satterfield's cross-motion is granted, in part, to the extent that Brent Satterfield is entitled to recover actual loss caused by late tender of the VStock shares on February 14, 2022 and the Dolfin shares on February 21, 2025; the balance of cross-motion is denied; and it is further

ORDERED that the June 3, 2025 interim order is vacated, in part, (i) to the extent the court held that "Sklarov has not complied with this court's 2022 order because of the diminution in value of the shares tendered in February 2025" (NYSSCEF 761, Order – Interim at 3 [mot. seq. no. 027]), (ii) to the extent the court held that "[t]he damages

---

[6] The court notes that despite this court's order directing Val Sklarov to post a bond prior to 12:00 pm (noon) on June 4, 2025 (NYSCEF 761, Order – Interim at 3 [mot. seq. no. 027]), there is no evidence that a bond was posted.

**650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC**
**Motion No. 027**

**Page 8 of 11**

caused by Sklarov's failure to timely comply with the order to tender 219,000 shares to Satterfield is the difference between the price on the date of the 2022 order and the price on the date of the tender February 2025 or $1,951,290" (*id.*), and (iii) to the extent that the reference to the Judicial Hearing Officer or Special Referee is vacated in its entirely (*id.* at 4-6); and it is further

ORDERED that the June 3, 2025 interim order is modified, in part, to the extent the court held that "Sklarov shall post a bond of $2,114,583.92 ($1,951,290 diminution + $163,293.92 attorneys' fees)" (*id.* at 3), to reduce the bond amount to $1,951,290; and it is further

ORDERED that Val Sklarov shall post a bond of $5 million within 10 days of the of the date of service of a copy of this decision and order and written notice of its entry. Satterfield's attorney shall have a reasonable opportunity to review the bond before the court will accept it; and it is further

ORDERED that a Judicial Hearing Officer (JHO) or Special Referee shall be designated to hear and report to this court on the following issues:

(1) the amount of damages caused by Val Sklarov's late tender of 1,134,897 shares (the VStock shares), requiring a determination when such shares could first be returned following the court's November 12, 2021 decision and order via purchase on the market,

(2) the amount of damages caused by Val Sklarov's late tender of 219,000 shares (the Dolfin shares), requiring a determination when such shares could first be returned following the court's November 12, 2021 decision and order e.g. via purchase on the market,

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No.  027

Page 9 of 11

9 of 11

except that, in the event of and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the Special Referee, or another person designated by the parties to serve as Referee, shall determine the aforesaid issues; and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that parties shall immediately consult one another and, within 15 days from the date of this Order, submit to the Special Referee an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed

650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC
Motion No.  027

Page 10 of 11

10 of 11

from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.

202A06P29A13126AMASLEY41E99DF2B1AA43E4B4E571C7946EA9D0

| **6/29/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**650311/2019   SATTERFIELD, BRENT vs. VSTOCK TRANSFER, LLC**
**Motion No.  027**

**Page 11 of 11**